HOWARD W. AMBRUSTER, PLAINTIFF-APPELLANT, v. THE NATIONAL BANK OF WESTFIELD, DEFENDANT-RESPONDENT.

Argued February 1, 1938—Decided April 29, 1938.

For the plaintiff-appellant, *Howard W. Ambruster, in propria persona.*

For the defendant-respondent, *Francis A. Gordon* and *John M. Mackenzie.*

Per Curiam.

This appeal brings up a judgment in favor of the defendant in a suit brought to recover damages for the alleged malicious closing of plaintiff's account in the defendant bank, and the refusal of the bank to honor checks drawn by him after the sending of a registered letter containing notice of the closing of the account and a check for the balance then due to the plaintiff.

It appears that the defendant bank had been dissatisfied with the account for some time before finally concluding to close it out. The cashier, Robert L. De Camp, sent the registered letter to the home address of the plaintiff, in Westfield, New Jersey, instead of to his New York office, where plaintiff says he had notified the bank officials to communicate with him. It further appears that at the time of the notice the plaintiff and his wife were in Washington where they remained for about ten days. Meantime he had drawn some checks on the account and had sent a check on a bank outside of Philadelphia, where he had an account, to be deposited in his account in the defendant bank.

The case was tried once before and resulted in a nonsuit. Upon appeal to this court, the judgment of nonsuit was reversed. 116 N. J. L. 122. On the re-trial the jury returned a verdict of no cause of action and the judgment entered thereon is brought up by this appeal.

The appellant writes down thirteen grounds of appeal, many of which have to do with the charge of Judge Cleary to the jury. No exceptions to the charge were taken and in no instance has the appellant in the grounds of appeal set out the language which he claims to be erroneous. Generally he sets up the language used by this court in its opinion on the prior appeal, and except in a few instances has not quoted the language of the trial judge. A careful examination of the case, however, fails to disclose that the trial judge committed any harmful error in his charge. He seems to have followed the opinion of this court on the appeal of the prior determination.

The appellant also complains that in dealing with the plaintiff's requests to charge in some instances, the trial judge said "I think I have covered that in the charge, and I refuse except as already charged," when in fact the appellant says that the requests to charge were not in fact covered by the charge. No exceptions were taken to such action, nor does it appear, from our examination of the record, to have been harmful to the plaintiff in any respect.

Another difficulty is that following the rendering of the verdict, the plaintiff had a rule to show cause why a new trial should not be granted for alleged trial errors and also because plaintiff asserted he had some newly discovered evidence. So far as this is concerned, it appears that the alleged newly discovered evidence was not in fact newly discovered, nor was it in the main material. The plaintiff did not produce any witness or submit any evidence on the rule. He made an affidavit and his wife made an affidavit in which they allege that if given a new trial they would be able to produce certain evidence. Whether they could is not shown because the witnesses were not produced.

One of the matters by which the plaintiff sets great store is that Judge Lloyd Thompson testified that he had met the plaintiff only once before he became a depositor and that was in connection with a mortgage loan, when plaintiff says as a matter of fact that Judge Thompson represented him in the matter of the purchase of some real estate. Assuming the truth of plaintiff's claims, this does not appear to be material; nor is it newly discovered evidence, because plaintiff should have known this at the time of the trial.

Nor is the plaintiff's insistment in his affidavit that certain jurors told him and his wife that they did not understand the charge of the court on the question of legal malice helpful to him. If true, the matter was not in such shape as to require any action by the trial judge on the application for a new trial.

The plaintiff further now raises the question that the jury was not properly empanelled because the sheriff did not have the slips upon which the jurors' names were placed properly

folded or rolled, and because the box was not shaken so as to intermix the slips, but the record discloses that after the jury was drawn it was said that the jury was satisfactory to both parties, and, after all, that is the test.

The appellant also asserts that the refusal of the trial judge to grant a new trial was such an abuse of judicial discretion as to call for a reversal and to demand that a new trial be granted, but after a careful review of the whole case we are unable to reach the conclusion that there is merit in this ground. It seems that upon the whole record, the case was fairly tried and that the verdict ought not now be disturbed for any of the reasons alleged by the appellant.

We might dispose of this case upon strictly legal grounds, but in view of the fact that plaintiff, who is not a member of the bar and who pleads ignorance of trial procedure, represented himself at the trial and in this court, we have preferred to deal with the several questions raised. However, it appears in the record that the plaintiff knew the effect of an exception, for in several instances when counsel for the defendant objected to some question propounded by the plaintiff, plaintiff said that he would withdraw the question in order to avoid the taking of an exception by the defendant.

Further, the record on the previous appeal discloses that, after argument of the motion for nonsuit, the following colloquy took place:

"The court: The motion for nonsuit will be granted and an exception may be allowed.

"Mr. Ambruster: May I ask for an exception?

"The court: You may have it.

"Mr. Ambruster: I ask that it be entered in the record."

So the appellant can hardly now assert that he did not except to the court's charge in respects which he then and now feels were erroneous in law and to alleged misstatements of fact, because he did not realize the necessity for an exception, nor that he was hesitant about asking for exceptions for fear of appearing to think he knew more than the judge.

Upon the whole case, we conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.

*For reversal*—None.